**17 CV 0206**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

United States Cour[...]
Southern District of Te[...]
FILED

**JAN 2 3 2017**

**BINH VO**

David J. Bradley, Clerk of Court

*PLAINTIFF/PETITIONER*


**V.**                                      CASE NO.


**MICHAEL WILLIAMS, INDIVIDUALLY, AND AS**

**CHIEF OF POLICE FOR THE CITY OF WALLER.**

**JOHN DOE 1 AND 2**

*DEFENDANT/RESPONDENTS*


REQUEST FOR JURY TRIAL


**COMPLAINT FOR DAMAGES CIVIL RIGHTS VIOLATIONS**


## I   JURISDICTION and VENUE

1) This action is brought pursuant to 42 U.S.C. § 1983, 1985 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to

the Constitution of the United States.

2)  Plaintiff evokes the pendent jurisdiction of this Honorable Court pursuant to Title 28 U.S.C. § 1331, 1343 and 1367.

3)  Venue is appropriate in this district pursuant to 28 U.S.C § 1391 because the event(s) that gave rise to this complaint occurred within the judicial boundaries of this court.

## II PARTIES

4)  Plaintiff/Petitioner BINH VO, (hereafter "Plaintiff") was working in the City of Waller at the time of the incident.

5)  Defendant, Chief of Police, Michael Williams, of the City Of Waller, and other unknown officers (hereinafter "Doe") at all times relevant to the facts herein this complaint was a police officer acting in such capacity as the agent, servant, and employees, employed by Defendant: City of Waller and is being sued in his individual and official capacity.

6)  Defendant, City of Waller (hereinafter "City") being sued as a person, is a municipal corporation operating within the State of Texas that is; directly or indirectly responsible for employing, training, supervising, compensating and enriching or rewarding defendant officers for his actions against plaintiff.

## III FACTS

7)  All events depicted herein occurred on the day of December 13th, 2016, unless otherwise stated.

8) Plaintiff was at work for his employer, Hempstead Homes LLC, the work was in response to a Contract Hempstead Homes LLC won on November 23, 2016, to dig a retention pond and build a parking lot. The Waller Times Newspaper published that Hempstead Homes LLC won the bid at City Counsel meeting November 28, 2016.

9) Plaintiff was working on December 12, 2016 when the Public Works Director, Gene Schmidt, arrived and asked to speak with the owner. Another employee got the owner on the phone, who talked with Mr. Gene. Mr. Gene ordered us to stop excavation work until the owner spoke with the Mayor.

10) Plaintiff was at work throughout the day cleaning and hosing down the streets which was part of the contract.

11) Plaintiff returned to work where the excavation was taking place and operating a bull dozer, when Chief Williams ordered that Plaintiff turn off the Bull Dozer, leave the Bull Dozer where it was, alleged that Plaintiff and others were trespassing and threatened to arrest Plaintiff and others. The incident was video taped by another employee while the police were given orders and demands.

Chief Williams personally escorted myself and others and told us to wait outside the fence, as the fence was locked with all the equipment and personal belongings inside the fenced area.

Upon waiting outside the fenced area Chief Williams returned, with other officers (names unknown) at which time Plaintiff and others, were harassed and threatened with arrest and intimidation tactics, if Plaintiff, and others did not leave the premises.

12) At no time did Chief Williams attempt to identify the contract

being worked on, The Waller Times newspaper even identified Chief Williams presence at the city council meeting where Hempstead Homes LLC won the contract.

13) Plaintiff contacted his employer regarding the incident. The employer's Attorneys requested any and all information, evidence, calls, calls for service logs, dispatch records, police communications, phone records, reports, statements, dash cams, body cams and any evidence involved in the police involvement.

14) Plaintiffs' received that no police records existed, even though the whole incident was video taped.

15) Defendants have hid the entire incident, failed to preserve evidence, failed to record incidents, tampered with evidence and documents.

16) Defendants are **not entitled to qualified immunity** because they have failed to show they were working on City business at the time, **as records do not exist,** and further has personally harassed, intimidated and used the power of the **badge** to stop Plaintiff's livelihood and instilled fear in Plaintiff for future retaliation.

17) Defendant is the Chief of Police and has the Official Duty to maintain any and all records in the course of business.

The Chief of Police has failed the public's trust and the duty appointed to him and has entered into a conspiracy, with others, to hide evidence which becomes questionable for any and all arrests under his tenure.

18) Plaintiff repeatedly complied with the Chief's requests only to be intimidated by the police with future arrests.

19) Doe(s) drives a police vehicle(s) for the City and was issued a badge from the City and engaged in the conspiracy to either: 1. intimidate, harass ; 2. cover up the official records.

20) Plaintiff was threatened with arrest, search, and imprison absent a verified complaint.

21) Defendants knew or should have known with respect to his duties and clearly established law; plaintiff had a right to be secure in his person against unreasonable searches and seizures, intimidation, harassment, threats or official abuse of authority.

22) Defendants knew or should have known his duties required him to investigate plaintiff and bring Plaintiff before an immediate neutral judge or magistrate without unnecessary delay for a probable cause hearing.

23) Defendant knew or should have known with respect to his duties and clearly established law; that an arrest or search or order to stop could only arise from a warrant or exigent circumstances.

24) Defendants knew or should have known his actions caused plaintiff injuries from his objectively unreasonable intimidation and threat of force and threat of arrest.

25) City knew or should have known with respect to its duties, its officers' duties, and clearly established law, Defendant harassed, threatened arrest and imprisoned of plaintiff absent warrant or bona fide criminal process.

26) City, as a policy or custom failed to properly train, supervise,

control, correct the abuse of authority, or discourage the unlawful use of authority of its officers. The failure to properly train Defendants included to instruct him in applicable provisions of the U.S. Constitution on seizing, arresting, searching and imprisoning, threatening, harassing, intimidation tactics against a person or persons without warrants or bona fide criminal process.

27) City, as a policy or custom approves or ratifies unconstitutional acts of its officers, depriving a person or persons of procedural due process rights.

28) Plaintiff had a reasonable expectation City's officers wouldn't arrest, search, nor imprison, threaten, intimidate, harass, his person absent warrant, exigent circumstances, probable cause hearing, or verified complaint because that would violate clearly established law.

29) At ALL times relevant herein defendants where acting under color of state law.

30) Defendants and City at all times relevant herein, acted in bad faith, deliberately indifferent, wantonly, recklessly, maliciously, and willfully, with the intent of injuring and oppressing plaintiff, by the reason of which plaintiff is entitled to all relief in plaintiff's prayer.

## IV PREVIOUS ACTIONS BY WALLER POLICE

Plaintiff has previously been arrested by Waller Police alleging a stolen vehicle. The Police provided a different VIN number and license plate than the vehicle Plaintiff possessed for the basis of arrest.

Subsequently the charges were dismissed.

## IV FEDERAL CAUSES OF ACTION

31) All allegations in paragraphs 1 through 30 are incorporated herein by reference.

32) The herein described actions, engaged in under color of state authority by Defendants and City, including City sued as a person, responsible because of its policy or custom and approval or ratification thereof for the acts of its police officers depriving plaintiff of rights secured to him by the U. S. Constitution, include, but not limited to, plaintiff's Fourth Amendment right to be secure in his person against unreasonable searches and seizures, and plaintiff's Fourteenth Amendment liberty rights and right to due process.

33) Plaintiff's Fourth Amendment, as it applies to the states thorough the Fourteenth Amendment right to be secure in his person against unreasonable searches and seizures was violated upon being coerced from his employment on a bull dozer, willfully and needlessly and upon his person being harassed, intimidated, threatened with arrested and searched

without even a scintilla of justification therefore under the guise of being threatened with arrested which was objectively unreasonable and contrary to clearly established law. Thus, Doe was trespasser ab initio for his deliberate wanton disregard of his duties, law, and defrauding plaintiff of his Due Process rights. This action resulted directly and only from a use of force of Doe and/or abuse of authority on plaintiff that was clearly excessive to the need, and City's prima facie deliberate indifference to its duties, law, and plaintiff's right(s) which is objectively unreasonable. Plaintiff also claims upon defendant Doe trespass on his person and violations of clearly established law he was subjected to threats of false arrest

and imprisonment and assault and battery to his person without cause or bona fide criminal process. As a direct and proximate result of defendants' actions jointly and severally against plaintiff whereby violating clearly established law, plaintiff has suffered injuries to his person.

34) Plaintiff's Fourteenth Amendment right(s) to locomotion, to be free from false arrest, false imprisonment, harassment, threats and intimidations, assault and battery, and due process was deprived absent procedural due process by Doe verbal threats to seizing, searching, arresting and imprisoning plaintiff's person without cause or bona fide criminal process and denying plaintiff's right to be taken before an immediate neutral judge or magistrate on said day of this incident then threatening depositing plaintiff into the County Jail to be booked absent verified complaint. As a direct and proximate result of defendants' actions jointly and severally against plaintiff whereby violating clearly established law, plaintiff has suffered injuries to his person.

35) Defendants and City, sued as a person maintains a policy or custom that subjects a person or persons to deprivations of procedural due process rights under color of state law. Plaintiff's injuries resulted directly from (1) City's said policy or custom; (2) Defendants objectively unreasonable use of force through verbal means of harassment, intimidation, threats whereby effectuating said policy or custom on plaintiff. Despite City's awareness that persons taken into custody are being deprived of proper procedural due process rights and are threatened, harassed and intimidated, City willfully ignored it duties, and law, thereby displaying an official policy or custom, which was deliberately indifferent to the constitutional rights of persons who its officers come into contact with, and was the moving force behind plaintiff's fears and future injuries.

Thus, City is liable under 42 U.S.C. 1983 and 1985. As a

direct and proximate result of defendants' wanton and reckless disregard and deliberate indifference to their and its duties, plaintiff's rights, and clearly established law jointly and severally, plaintiff has suffered injuries to his person.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully demands "IN THE INTEREST OF JUSTICE" judgment against defendants who acted, objectively unreasonable, deliberately indifferent and wantonly in violating clearly established law and plaintiff's rights with reckless disregard for plaintiff's reasonable expectations of those rights jointly and severally as follows (1) $5,000,000.00 in compensatory damages for all plaintiff's injuries sustained against defendants; such as, false arrest fears, fear of police, false imprisonment, assault and battery, and violations of his Fourth and Fourteenth Amendments (2) $100,000.00 in punitive damages to deter and to make an example of defendant Doe, all cost and disbursements of this action, all attorneys' fees pursuant to 42 U.S.C. § 1988, the right to amend this complaint by further evidence and fact finding, declaratory judgment that (a) actions of defendant officer on said night herein constituted an unlawful arrest, search, imprisonment, and assault and battery of plaintiffs' person in violation of U.S. Constitution Fourth Amendment, Fourteenth Amendment's Due Process Clause, and 42 U.S.C § 1983and 1985; and that (b) defendant City is liable under 42 U.S.C § 1983 and 1985 for its deliberate indifference to its duties, its inhabitants rights, and clearly established law by deliberately failing to properly train and supervise its officers in mandatory due process requirements, and deter its officers from unlawful conduct relating thereto. Injunctive relief to prevent City's police officers from arresting, searching or imprisoning plaintiff hereafter absent bona fide criminal process unless plaintiff commits a felony or breach of the peace, and any other relief this court deems proper.

Respectfully Submitted,

BINH VO
832-382-6091.
Pro Se

# VERIFICATION

I, BINH VO, plaintiff in the attached form for damages do affirm the facts & allegations within the attached complaint hereto to be TRUE & CORRECT to the very best of my knowledge & belief.

Plaintiff, Pro se

BINH VO
13615 Lake Vista Dr

Tomball, Texas 77377

Sworn this _____23rd_____ day of January 23, 2017



State of __TEXAS__ County of __Harris__
Subscribed and sworn before me on __1-23-17__
_____ (Date)
_____
(Notary Signature)

TRACY L DUERER
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 1/14/19
NOTARY ID 12849407-5